Eastern District of Kentucky
FILED

DEC 04 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 25-151-GFVT-MAS

**QUENTIN MONTEZ LEAVELL,**
**LAKWON MARQUIS GIVENS, and**
**DOMINIQUE CORNEL DUFF**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 846**

Beginning in or about February 2021, the exact date unknown, and continuing through in or about July 2021, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**QUENTIN MONTEZ LEAVELL,**
**LAKWON MARQUIS GIVENS, and**
**DOMINIQUE CORNEL DUFF**

did knowingly and intentionally conspire together and with others, both known and unknown to the Grand Jury, to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**COUNT 2**
**21 U.S.C. § 841(a)(1)**

On or about April 26, 2021, in Fayette County, in the Eastern District of Kentucky,

**QUENTIN MONTEZ LEAVELL**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about May 31, 2021, in Fayette County, in the Eastern District of Kentucky,

**QUENTIN MONTEZ LEAVELL**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 4**
**18 U.S.C. § 924(c)(1)(A)**

From in or about February 2021 until on or about April 26, 2021, in Fayette County, in the Eastern District of Kentucky,

**QUENTIN MONTEZ LEAVELL**

did knowingly and intentionally possess a firearm in furtherance of the drug trafficking crimes charged in Counts 1 and 2 of this Indictment for which he may be prosecuted in

a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 5**
**21 U.S.C. § 841(a)(1)**

On or about April 15, 2021, in Fayette County, in the Eastern District of Kentucky,

**LAKWON MARQUIS GIVENS**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 6**
**21 U.S.C. § 841(a)(1)**

On or about April 23, 2021, in Fayette County, in the Eastern District of Kentucky,

**LAKWON MARQUIS GIVENS**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 7**
**21 U.S.C. § 841(a)(1)**

On or about July 13, 2021, in Fayette County, in the Eastern District of Kentucky,

**LAKWON MARQUIS GIVENS**

did knowingly and intentionally possess with intent to distribute a mixture or substance

containing a detectable amount of fentanyl, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of methamphetamine, also a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 8**
**18 U.S.C. § 924(c)(1)(A)**

From in or about February 2021, the exact date unknown, until on or about July 13, 2021, in Fayette County, in the Eastern District of Kentucky,

**LAKWON MARQUIS GIVENS**

did knowingly and intentionally possess a firearm in furtherance of the drug trafficking crimes charged in Counts 1, 5 and 7 of this Indictment for which he may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 9**
**21 U.S.C. § 841(a)(1)**

On or about April 19, 2021, in Fayette County, in the Eastern District of Kentucky,

**DOMINIQUE CORNEL DUFF**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 10**
**21 U.S.C. § 841(a)(1)**

On or about April 23, 2021, in Fayette County, in the Eastern District of Kentucky,

**DOMINIQUE CORNEL DUFF**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**<u>COUNT 11</u>**
**21 U.S.C. § 841(a)(1)**

On or about July 31, 2023, in Fayette County, in the Eastern District of Kentucky,

**DOMINIQUE CORNEL DUFF**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a detectable amount of fluorofentanyl, a Schedule I controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**<u>COUNT 12</u>**
**18 U.S.C. § 924(c)(1)(A)**

From in or about February 2021, the exact date unknown, until on or about April 23, 2021, in Fayette County, in the Eastern District of Kentucky,

**DOMINIQUE CORNEL DUFF**

did knowingly and intentionally possess a firearm in furtherance of the drug trafficking crimes charged in Counts 1 and 10 of this Indictment for which he may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 13**
**21 U.S.C. § 841(a)(1)**

On or about July 17, 2024, in Fayette County, in the Eastern District of Kentucky,

**LAKWON MARQUIS GIVENS**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of eutylone (commonly referred to as "bath salt"), a Schedule I controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 14**
**18 U.S.C. § 924(c)(1)(A)**

On or about July 17, 2024, in Fayette County, in the Eastern District of Kentucky,

**LAKWON MARQUIS GIVENS**

did knowingly and intentionally possess a firearm in furtherance of the drug trafficking crime charged in Count 13 of this Indictment for which he may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the felony offenses alleged in Counts 1-3, 5-7, 9-11 and 13 of the Indictment, **QUENTIN MONTEZ LEAVELL, LAKWON MARQUIS GIVENS, and DOMINIQUE CORNEL DUFF** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. §§ 846 and 841 and any and all property constituting proceeds

obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 846 and 841. Any and all interest that the defendants have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses charged in Counts 4, 8, 12, and 14 of this Indictment, **QUENTIN MONTEZ LEAVELL, LAKWON MARQUIS GIVENS, and DOMINIQUE CORNEL DUFF** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. §§ 922 and/or 924. Any and all interest that **QUENTIN MONTEZ LEAVELL, LAKWON MARQUIS GIVENS, and DOMINIQUE CORNEL DUFF** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**FIREARMS AND AMMUNITION:**

a) A Glock GMBH Model 19, 9mm caliber pistol bearing serial number BNZC591;
b) A Glock GMBH Model 27, .40 caliber pistol bearing serial number KSP782471;
c) A Rock Island Armory / Armscor of the Philippines Model AK4722 rifle, 22LR caliber, bearing serial number RIA2158817;
d) A Taurus Model G2C 9mm caliber pistol bearing serial number ADE290526;
e) Miscellaneous ammunition and magazines.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been

commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[redacted]

**PAUL C. McCAFFREY**
**ACTING UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:**
Imprisonment for not less than 5 years nor more than 40 years, a fine of not more than $5,000,000, and not less than 4 years supervised release.

**If prior serious drug felony or serious violent felony conviction**: Imprisonment for not less than 10 years nor more than Life imprisonment, not more than an $8,000,000 fine, and not less than 8 years supervised release.

**COUNTS 2, 3, 5-7, 9-11 and 13:**
Imprisonment for not more than 20 years nor more than 40 years, a fine of not more than $1,000,000, and not less than 3 years supervised release.

**If prior drug felony conviction**:
Imprisonment for not more than 30 years, not more than an $2,000,000 fine, and not less than 6 years supervised release.

**COUNTS 4, 8, 12 and 14:**
Imprisonment for not less than 5 years and not more than Life imprisonment, consecutive to any other sentence, a fine of not more than $250,000, and not more than 5 years supervised release.

**PLUS:** Mandatory special assessment of $100 per felony count.

**PLUS:** Forfeiture of all listed items.

**PLUS:** Restitution, if applicable.